UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**GWENDOLYN WILLIAMS,**
        **Petitioner,**

v.                                                  **Civil Action No. 4:06cv49**
                                                        **Criminal Action No. 4:04cr132**

**UNITED STATES OF AMERICA.**

### OPINION AND ORDER

      Currently before the court is Gwendolyn Williams' petition to vacate, set aside, or correct a sentence previously imposed, filed pursuant to Title 28, United States Code, Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). Petitioner argues in her motion that the improper calculation of her criminal history category resulted in a longer than appropriate sentence. After performing a preliminary review of the petition and case file, the court concludes that a response by the government is unnecessary as it plainly appears that petitioner is not entitled to relief. For the reasons set out herein, petitioner's motion is **DENIED**.

      On December 6, 2004, petitioner entered a plea of guilty to count one of a multi-count indictment. A Presentence Investigation Report ("PSR") was prepared stating that petitioner had eight criminal history points resulting in a criminal history category IV under the United States Sentencing Guidelines. On February 23, 2005, petitioner submitted a position paper noting no objections to the PSR or her criminal history calculation. On March 11, 2005, a sentencing hearing was conducted at which petitioner again failed to object to her criminal history calculation. The court sentenced petitioner to twenty-two months incarceration, a sentence within the guideline range for a criminal history category IV. Petitioner now, for the first time,

challenges her criminal history category, alleging that she should have been sentenced as a category III because two of her prior convictions were sufficiently "related" to be treated as one sentence for the purpose of assigning criminal history points.

A petitioner bringing a collateral attack pursuant to § 2255 bears the burden of proving that her sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack.  28 U.S.C. § 2255.  A petitioner must prove her grounds by a preponderance of the evidence.  Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).  After a § 2255 motion is submitted to the court, a district judge is required to perform a preliminary review of such motion; federal rules state:

> The judge who receives the [§ 2255] motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response . . . or to take other action the judge may order.

R. Governing § 2255 Proceedings for U.S. Dist. Cts. 4(b).  Here, upon review of petitioner's motion and the case file, the court determines that dismissal of this action under Rule 4(b) without response from the United States Attorney is appropriate.

Petitioner alleges in her motion that the court improperly assigned two criminal history points for a prior shoplifting conviction that should have been deemed "related" to another prior shoplifting conviction.  Petitioner contends that the convictions are "related" because "she was sentenced for both offenses on the same day and received the same sentence for each, running concurrently" (§ 2255 motion 2).  Petitioner relies on United States v. Dunn, 431 F.3d 436, 437

(5th Cir. 2005), for the proposition that shoplifting offenses occurring at different stores can be deemed "related" even if there are different criminal informations and case numbers. Id. Although in certain circumstances shoplifting offenses occurring in different stores are properly classified as "related," the facts of the instant matter do not warrant such classification. Unlike in Dunn, where the two shoplifting offenses occurred at the same shopping mall, on the same day, and the defendant was subject to a single arrest, here, petitioner's offenses occurred nearly five months apart and petitioner was arrested separately for each offense. First, on February 19, 1994, petitioner was arrested for shoplifting. She was convicted the following day; however, she received a conditional discharge. Subsequently, on July 14, 1994, nearly five months after her February arrest, petitioner was arrested for another larceny offense. On July 20, 1994, petitioner was sentenced to serve 60 days in jail for the July offense and 60 days in jail for the February offense, sentences to run concurrently.

Although petitioner's sentences were imposed on the same day, were both 60 days, and ran concurrently, they were clearly related to two separate offenses that occurred nearly five months apart. The fact that petitioner's repeated larceny convictions prompted the court to resentence her in July for a previous conviction that was conditionally discharged does not transform such prior conviction into a "related" offense. Notably, under the United States Sentencing Guidelines, "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2 cmt.3. Thus, because petitioner was arrested for the February 19, 1994 offense prior to her commission of the July 14, 1994 offense,

the court lacks the discretion to consider the sentences "related."[1]  Numerous opinions from the Fourth Circuit Court of Appeals are in accord.  See, e.g., United States v. Allen, 50 F.3d 294, 296-98 (4th Cir. 1995) (finding that absent formal consolidation, single sentencing proceedings and concurrent sentences do not make convictions "related" for criminal history purposes); United States v. Fonville, 5 F.3d 781, 784-85 (4th Cir. 1993) (finding that prior convictions are not related for criminal history purposes simply because they "had concurrent sentences, a common motivation, and the same participants").

      In the alternative, even if the court had erred in calculating petitioner's criminal history, petitioner's instant claim would be barred by the doctrine of procedural default as it was not raised at the appropriate time during the original proceedings or on appeal.  United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).  To overcome such bar, a petitioner must establish both cause and actual prejudice resulting from the alleged error.  United States v. Frady, 456 U.S. 152, 167 (1982).  To show "cause," a petitioner's claim "must turn on something external to the defense, such as the novelty of the claim . . . ."  United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).  To show "actual prejudice," a petitioner must demonstrate that errors "worked to [her] actual and substantial disadvantage."  Murray v. Carrier, 477 U.S. 478, 494 (1986).  Here, the court notes that petitioner cannot meet the "cause" prong of the Frady test as petitioner and her trial counsel had ample opportunity to review the PSR and her criminal history level prior to sentencing.  Additionally, at petitioner's sentencing hearing she indicated that she had reviewed the PSR, that she had adequate time to review it with her attorney, and that

---

[1] Furthermore, the PSR indicates that petitioner was also arrested for larceny on February 21, 1994, just one day after her conviction for the February 19, 1994 larceny offense.

there were no errors contained in the report.  Likewise, the record fails to present any indication that petitioner's claim is novel or that "something external" to her defense justifies her failure to have previously raised this claim.  Therefore, even if the criminal history category listed in petitioner's PSR was erroneous, petitioner's claim would be barred by the doctrine of procedural default.[2]

For the reasons discussed above, petitioner's motion is **DISMISSED** and **DENIED** as it plainly appears that petitioner is not entitled to relief.  Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner is **ADVISED** that she may appeal the denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

        **IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March  27 , 2006

---

[2] Although a district court may raise procedural default sua sponte, the court is mindful of the necessity of providing notice to a petitioner prior to dismissing a motion on such grounds.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  However, here, notice is not required as petitioner's motion is denied on the merits and not based on her procedural default.